```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RHONDA JOACHIM, ET AL                       CIVIL ACTION

VERSUS                                      NO: 06-9616

STATE FARM FIRE AND CASUALTY                SECTION: J
COMPANY, ET AL
```

**ORDER AND REASONS**

Before the Court is Defendant, State Farm Fire and Casualty Company, who has filed a **Motion to Dismiss (Rec. Doc. 22)** Plaintiffs Rhonda and Merrick Joachim's suit against it. This motion, which was opposed, was set for hearing on September 19, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that this motion should be denied.

**Background Facts**

This litigation arises out of the after effects of Hurricane Katrina. Plaintiffs filed suit in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. Soon thereafter, State Farm removed the action to federal court.

## Discussion

**Arguments of the Parties:**

State Farm asserts that Plaintiffs have failed to comply with this Court's Scheduling Order setting out various deadlines, including a deadline for the filing of witness and exhibit lists. State Farm argues that Plaintiffs should be precluded from offering any documentary or testimonial evidence at the trial of this matter.  As such, State Farm states that the proper sanction for Plaintiffs' failure to comply with this Court's Order is the dismissal of their claim under Federal Rule of Civil Procedure 16(f).

Additionally, State Farm states that Plaintiffs have failed to respond to State Farm's discovery requests.

According to State Farm, this overall pattern of non-action on the part of Plaintiffs evidences that they are not engaged in the prosecution of this matter, and thus their claims should be dismissed.  State Farm acknowledges that the sanction of dismissal may seem harsh, but asserts that it is warranted in situations where the Plaintiff shows a pattern of delay and disregard for the orders of the Court and the discovery process in general.  See Carter v. Jablonsky, 121 Fed. Appx. 888 (2d Cir. 2005); Walker v. Hatfield Mini-Mart BP, 2000 WL 1478387 (6th Cir. Sept. 29, 2000); Woods v. Union Pacific Railroad Co., 957 F.2d 548 (8th Cir. 1992); Chira v. Lockheed Aircraft Corp., 634 F.2d

2

664 (2d Cir. 1980); Coombs v. Warnick, 1998 WL 50466 (N.D. Tex. Jan. 21, 1998). As such, given that Plaintiffs have failed to file the necessary lists with the Court and have not answered the discovery propounded to them, their suit should be dismissed for their lack of participation.

In reply, Plaintiffs state that the matter of failure to reply to discovery is easily disposed of based on the fact that this Court granted State Farm's motion to compel discovery, ordering Plaintiffs to provide discovery responses within 10 days. Plaintiffs have since complied with this order.

As to Plaintiffs' failure to comply with the Scheduling Order, Plaintiffs state that this Court granted Plaintiffs leave to file their preliminary witness and exhibit lists, which were filed electronically with Plaintiffs' motion for leave.

As a result, Plaintiffs state that they are making a good faith effort to move this case along, and therefore State Farm's motion to dismiss should be denied.

### Applicable Law

Federal Rule of Civil Procedure 16(f) provides in pertinent part:

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . . or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative,

>may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 37, which focuses on the discovery obligations of civil litigants, specifically identifies dismissal as a possible sanction for failure to obey a discovery order.  Fed. R. Civ. P. 37(b)(2)(C).  This sanction is grounded in the district court's power to control and direct the cases on its docket.  Brown v. O'Leary, 512 F.2d 485, 486 (5th Cir. 1975).  Such a dismissal can be without or without prejudice.

Difficulty arises in this case because even if the dismissal was made without prejudice, it would have the effect of precluding Plaintiffs from refiling their claim due to the running of the statute of limitations.  Therefore, a dismissal would be tantamount to a dismissal with prejudice, "a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice."

4

Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (citing Brown v. Thompson, 430 F.2d 1214, 1216 (5th Cir. 1970)). As such, "dismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances." Id.

Furthermore, most courts affirming dismissals have found at least one of three aggravating factors: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986).

Applying this standard to the facts of this case, Plaintiffs failed to timely file their witness and exhibit list. This list was due on August 13, 2007. On August 20, 2007, Plaintiffs filed a motion for leave to file their witness and exhibit list, explaining that their untimely filing was due to the fact that Plaintiff counsel was inundated with the filing of over 100 Hurricane Katrina related claims. This Court granted Plaintiffs' motion for leave to file, and Plaintiffs' witness and exhibit lists were filed into the record that same day.

Regarding Plaintiffs' failure to respond to State Farm's discovery requests for an eight month period, State Farm filed a motion to compel which was granted as unopposed.

While Plaintiffs have shown some disregard for the Orders of this Court, their conduct does not warrant the harsh sanction of dismissal. Plaintiffs did file their witness and exhibit lists

5

pursuant to this Court's Order

This Court understands that Plaintiffs' counsel has experienced a rush of Hurricane Katrina claims.  In the future, however, Plaintiffs' counsel must adhere to the deadlines and rules of this Court.  Plaintiffs should make use of the existing Federal Rules of Civil Procedure and the Local Rules set forth by this Court to deal with situations of this sort.  Plaintiffs could easily have filed a request seeking an extension of deadlines rather than missing the deadline altogether and interrupting the orderly flow of this Court's docket.  Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Rec. Doc. 22)** should be and hereby is **DENIED.**

New Orleans, Louisiana this 2nd day of October, 2007.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE